MARY BARKSDALE *vs.* UNION STREET RAILWAY COMPANY.

SARAH BARKSDALE *vs.* SAME.

GROVER C. BARKSDALE *vs.* SAME.

Bristol.   October 22, 1934. — January 4, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Street railway, Violation of rule, Contributory, Of child. *Evidence,* Materiality.

Where, at the trial of an action by a school girl against a street railway company for injuries sustained when the plaintiff was struck by a street car of the defendant, there was evidence that the accident happened in the vicinity of several schools, that the plaintiff was on her way to one of them, that there were school children on the street at the time, that the car was not being operated slowly or with great care and that no gong or signal was given before the collision, it was proper to admit in evidence a rule of the defendant as follows: "Cars must run slowly and with great care and gong sounded in the vicinity of schools when there are children on the street."

At the trial of actions against a street railway company by two school girls, one five years and ten months and the other eight years and six months of age, for personal injuries sustained when the plaintiffs were struck by a street car of the defendant in the vicinity of several schools

in a city, there was evidence that there were other children on sidewalks and in street cars in the vicinity going to school; that the two plaintiffs had left a car, had then gone behind it to cross an adjacent track and were struck by a car on that track which approached at the rate of fifteen miles per hour and without signal, and the motorman on which just before the accident was turning his head and talking and joking with boys crowded about him; and that, just before they were struck, the plaintiffs had hold of each other's hand and one was pulling one way and one the other. Rules of the defendant in evidence in effect prohibited such conversation as the defendant's motorman was holding, required a car when passing standing or slowly moving cars in thickly inhabited districts to be brought to slow speed and to have its gong sounded, and required cars to "run slowly and with great care and gong sounded in the vicinity of schools when there are children on the street." *Held*, that

(1) There was evidence of negligence of the motorman which was a contributing cause of the injuries sustained by the plaintiffs;

(2) Considering the ages of the plaintiffs, their care or lack of it was an issue of fact for the jury; they were bound to exercise that degree of care which ordinarily prudent and careful children of their ages were accustomed to exercise or reasonably might be expected to exercise in like circumstances.

THREE ACTIONS OF TORT. Writs dated February 25, 1931.

In the Superior Court, the actions were tried together before *Hanify*, J. Material evidence and requests by the defendant for rulings are described in the opinion. There were verdicts for the plaintiffs, respectively, in the sums of $100, $15,000 and $1,200. The defendant alleged exceptions.

*T. F. O'Brien*, (*G. P. Ponte* with him,) for the defendant.

*H. W. Connolly*, for the plaintiffs.

PIERCE, J. These are three actions of tort, the first and second brought to recover damages for personal injuries sustained when the plaintiffs were struck by an electric street car of the defendant, and the third brought by the father of the two minor plaintiffs to recover consequential damages. The defendant in each action answered general denial and contributory negligence.

At the close of the evidence and before argument, the defendant duly filed, in each case, a motion for a directed verdict in its favor, and in the cases of Sarah Barksdale and Mary Barksdale, filed six requests for rulings. Five of these were severally denied or refused, and the defendant duly excepted. The judge charged the jury concerning the liability

of the defendant.   The defendant did not except to the charge, which is printed in part in the bill of exceptions.   The bill of exceptions contains all evidence material to the issues to be decided.

The facts in their aspect most favorable to the plaintiffs, shown by the record, are as follows:  On January 8, 1931, Mary Barksdale was five years, ten months and two weeks old.   She attended the Hannigan School in New Bedford, Massachusetts, which is located between Emma and Emery streets, west of Brock Avenue and just back of the buildings on Brock Avenue.   There is no entrance to the school from Brock Avenue.   On that day Sarah Barksdale was eight years, six months and one week old, and she attended the Taylor School.   The Taylor schoolhouse is located on the east side of Brock Avenue about three or four blocks south of the scene of the accident.   The junior high school is located east of Brock Avenue just north of the Taylor School. St. Anne's School is located three or four blocks north of the Hannigan School.   Brock Avenue is a public highway fifty-six feet wide in the city of New Bedford;  it runs practically north and south, is almost level, and is heavily travelled by electric cars, vehicles and pedestrians.   Emma Street runs east and west and crosses Brock Avenue.   On Brock Avenue there are north bound and south bound car tracks.   The distance between the tracks is approximately five feet, and the rails are about four feet eight and one half inches apart. The distance from the west curb of Brock Avenue to the east rail of the south bound track is twenty-six feet, and from the east curb to the east rail of the south bound track is thirty feet.   The accident happened on Brock Avenue, south of Emma Street, between Emma and Emery streets, on a bright, clear and very cold day.   It is plain that the accident happened in the "vicinity of schools" and that rule 252, hereinafter quoted, was properly admitted.

The immediate facts attending the accident are as follows:  The two girls lived at the southern terminal of the defendant's car line.   They got on the north bound car in front of their home and alighted from the right hand front door of the car at the car stop about midway between Emma

and Emery streets. The car started up and the two girls, each holding the other's hand, crossed the north bound track and walked onto the east rail of the south bound track, going in the direction of the Hannigan School, to which Mary was bound. As they reached the east rail one child pulled one way and one the other. At that instant the south bound car struck the two girls. The older girl was forced under the car, unconscious, and at the trial was unable to remember whether she saw the car before it hit her, or heard the gong or whistle of any car. She had to be extricated from beneath the car and had suffered an injury to her leg. The younger girl testified that she remembered having hold of Sarah's hand, and remembered being struck, but did not remember being knocked down or Sarah being under the street car or going to the hospital or that the doctor attended to a cut on her forehead. She testified on cross-examination that she was going right across the street; that she did not look nor listen, nor hear nor see any electric car, and did not remember getting hit at all. There was evidence that there were children on the sidewalk going to school at the time of the accident, some walking north and some south, and that the south bound car carried children going to school near the scene of the accident. There was evidence for the plaintiffs that the south bound car that struck the girls was crowded with boys standing back of the motorman and on his left hand side near the door; that just previous to the accident the motorman was turning his head over his left shoulder and talking and joking with the boys; that the car was going at the rate of about fifteen miles an hour; and that no gong or signal was given before the car came to a sudden stop when it struck the children. Much of the above evidence was contradicted by witnesses for the defendant and could have been disbelieved in whole or in part by the jury.

The plaintiffs, without objection, read to the jury two of the defendant's rules pertaining to the conduct of its employees operating its street cars which were in force at the time of the accident. The first one, numbered 13, is headed "Conversation" and reads as follows: "Motormen while

operating cars are only permitted to answer questions of superior officers and to give proper instructions to students. All other conversation with motormen while the car is in motion is forbidden. Conductors are forbidden to engage in unnecessary conversation with passengers or employees." As to this rule, it was stated by the judge in his charge that "it is understood by counsel in this case that any conversation had by this motorman in the course of his duties whether in the capacity of a conductor or a motorman, would not be contended to be a violation of this rule. It is only for unnecessary conversation with the passengers outside of the scope of his duty." Within this construction there was evidence, above referred to, that the motorman in this street car, immediately preceding the accident, was engaged in unnecessary conversation with school boys who stood about him. This fact, if found to be a fact by the jury, was evidence of negligence to be taken into consideration in connection with any other evidence of negligence.

The second rule, numbered 253, was read to the jury without objection, and is as follows: "When passing standing or slowly moving cars in thickly inhabited districts, gong must be sounded and car brought to slow speed." There is evidence in the record which warranted a jury in finding that the north bound car was leaving the stop at Emma Street at the moment the south bound car was approaching that stop at a speed of ten to twenty miles an hour which was not reduced until the sudden stop, coincident with the collision, was made. This evidence, if believed, and if the jury found in addition that the district was thickly inhabited, and the north bound car was slowly moving when the south bound car passed it, was evidence which warranted a finding of negligence.

A third rule, numbered 252, which was read to the jury subject to the exception of the defendant, is as follows: "Cars must run slowly and with great care and gong sounded in the vicinity of schools when there are children on the street." The evidence above stated, as to the location of the schools in respect to Emma and Emery streets and to Brock Avenue, warranted a finding that the south bound car as it

approached Emma Street was in the vicinity of schools, and that the children on Brock Avenue at Emma Street were in the vicinity of the Hannigan and other schools. The evidence warranted a jury in finding that the south bound car was not run slowly, with great care, and with a gong sounded, but was operated with the attention of the motorman diverted. These facts, if found by the jury, warranted a finding that the rule was violated and that the violation of the rule was a contributing cause of the accident.

In regard to the plaintiffs' due care, the evidence warranted the finding that Sarah was facing the car immediately before the collision, her statement that she did not remember seeing it or hearing the gong being explainable by the nature of her injury and her mental confusion which followed it. Indeed, the evidence for the defendant that the children were pulling back and forth, one seemingly wanting to go in one direction and one in the other direction, that is, the one desired to go back and the other to go forward, warranted the jury in finding that they did see and hear the oncoming car and were acting each in her light to meet the sudden emergency. Considering the ages of the children, their care or lack of it was an issue of fact for the jury. They were bound to exercise that degree of care which ordinarily prudent and careful children of their ages are accustomed to exercise or reasonably may be expected to exercise in like circumstances. *Collins* v. *South Boston Railroad,* 142 Mass. 301, 314.

We think the requests for rulings* were denied rightly and require no discussion in addition to the issues above considered.

*Exceptions overruled.*

---

* 1. The motorman rightly might assume that no traveller upon the street would attempt to cross the tracks in the path of his oncoming trolley car at a time and place when it would be impossible to avoid an accident.

2. The motorman had a right to assume that no traveller would be so careless as to attempt to cross the tracks in the path of his oncoming trolley car.

3. If the plaintiff crossed the tracks of the defendant without looking, listening, seeing or hearing an approaching trolley car, then she is guilty of contributory negligence.

4. If the plaintiff crossed the tracks of the defendant without looking to see whether a car was coming, she is guilty of contributory negligence.

6. There is no evidence to warrant the jury in finding that the plaintiff was in the exercise of due care.